IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERMAINE APPOLLO THOMAS, (TDCJ-CID #1273734)<br><br>Petitioner,<br><br>VS.<br><br>WILLIAM STEPHENS,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. H-14-1146<br>§<br>§<br>§<br>§ |

**MEMORANDUM AND OPINION**

Petitioner, Jermaine Appollo Thomas, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

**I.  Background**

Thomas challenges a conviction for capital murder in the 208th Judicial District Court of Harris County, Texas. (Cause Number 932474). On August 13, 2008, Thomas filed a federal petition for a writ of habeas corpus, Civil Action Number 4:08-2491, collaterally attacking his conviction for capital murder. On February 18, 2009, this court denied Thomas's claims on the merits.

In the instant federal petition filed on April 25, 2014, Thomas challenges the same conviction for capital murder. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 14-31).

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction to consider Thomas's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Thomas's successive application, and therefore, this court lacks jurisdiction to consider Thomas's habeas claims.[1]

## III. Conclusion

Thomas's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Thomas's litigation history, the court determines that Thomas is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack*, 529 U.S. at 484). Thomas has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on April 29, 2014.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE